UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAWRENCE WHITMER,

                Plaintiff,                     Case No. 3:14-cv-407

   vs.

COMMISSIONER OF                          District Judge Walter H. Rice
SOCAL SECURITY,                        Magistrate Judge Michael J. Newman

                Defendant.

---

## REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and thus unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 7), the Commissioner's memorandum in opposition (doc. 9), Plaintiff's reply (doc. 10), the administrative record (doc. 6),[2] and the record as a whole.

**I.**

**A.**     **Procedural History**

Plaintiff filed for SSI on April 12, 2011. PageID 203-09. Plaintiff claims disability as a result of a number of impairments including, *inter alia*, bipolar disorder, depressive disorder, and an anxiety disorder. PageID 61.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After initial denials of his application, Plaintiff received a hearing before ALJ Paul Gaughen on March 11, 2013.  PageID 78-109.  The ALJ issued a written decision on May 31, 2013 finding Plaintiff not disabled.  PageID 59-70.  Specifically, the ALJ's findings were as follows:

1.  The claimant has not engaged in substantial gainful activity since April 12, 2011, the application date (20 CFR 416.971 *et seq.*).

2.  The claimant has the following severe impairments: bipolar disorder; depressive disorder; anxiety disorder; and a history of polysubstance abuse (20 CFR 416.920(c)).

3.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4.  After careful consideration of the entire record, I find that the claimant has the residual functional capacity ["RFC"] to perform a full range of work at all exertional levels. However, the work needs to be suitable for someone with more than marginal but less than limited education, or at about the fifth or sixth grade level. He can learn and apply simple instructions but not detailed instructions, that is work with no more than four to five steps. He can perform limited collaboration with others as he works best alone; however, he can engage in routine interaction as required with coworkers and/or supervisors. He can respond to direction from supervisors if appropriately given. He cannot work with retail public even for superficial interactions.

5.  The claimant is capable of performing [his] past relevant work as a cleaner and day laborer. This work does not require the performance of work-related activities precluded by the claimant's [RFC] (20 CFR 416.965).

6.  The claimant has not been under a disability, as defined in the Social Security Act, since April 12, 2011, the date the application was filed (20 CFR 416.920(f)).

PageID 61-69.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 40-42. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

### B. Evidence of Record

In his decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 62-68. Plaintiff, in his Statement of Errors, sets forth a detailed summary of the record evidence. Doc. 7 at PageID 624-28. The Commissioner, in response, defers to the ALJ's recitation of the relevant medical evidence and presents no specific objection to Plaintiff's summary. Doc. 9 at PageID 641. Accordingly, except as otherwise noted in this Report and Recommendation, the undersigned incorporates Plaintiff's undisputed summary and the ALJ's recitation of the evidence.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if

3

substantial evidence also exists in the record upon which the ALJ could have found Plaintiff

disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of

choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis --

may result in reversal even if the ALJ's decision is supported by substantial evidence in the

record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the

Commissioner will not be upheld where the [Social Security Administration] fails to follow its

own regulations and where that error prejudices a claimant on the merits or deprives the claimant

of a substantial right." *Bowen*, 478 F.3d at 746.

### B.  "Disability" Defined

To qualify for disability benefits, a claimant must be under a "disability" as defined by

the Social Security Act.  42 U.S.C. § 1382c(a)(3)(A).  Narrowed to its statutory meaning, a

"disability" includes physical and/or mental impairments that are "medically determinable";

expected to result in death or which have lasted or can be expected to last for a continuous period

of not less than twelve months; and severe enough to prevent a claimant from (1) performing his

or her past job and (2) engaging in "substantial gainful work" that is available in the regional or

national economies. *Id*. §§ 1382c(a)(3)(A), (B).

Administrative regulations require a five-step sequential evaluation for disability

determinations.  20 C.F.R. § 416.920(a)(4).  Although a dispositive finding at any step ends the

ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential

review poses five questions:

1.      Has the claimant engaged in substantial gainful activity?

2.      Does the claimant suffer from one or more severe impairments?

4

3.   Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4.   Considering the claimant's RFC, can he or she perform his or her past relevant work?

5.   Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec*., 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec*., 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff argues that the ALJ: (1) erred in finding that he did not meet or equal Listing § 12.05(C); and (2) is bound by the doctrine of *res judicata* as set forth in *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997). Doc. 7 at PageID 622. Having reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds that the ALJ carefully reviewed the record, reasonably concluded that Plaintiff's impairments do not meet or equal Listing § 12.05, and properly determined that *res judicata* does not apply. Thus, as more fully explained herein, the Court finds the ALJ's decision supported by substantial evidence and recommends that the Court affirm the ALJ's non-disability finding.

### A.   *Res Judicata*

The Court will address Plaintiff's second assignment of error initially because it raises the issue of the proper standard of review. Plaintiff argues that the doctrine of *res judicata*, as set

5

forth in *Drummond*, requires a disability finding. Doc. 7 at PageID 633-35. In *Drummond*, the Sixth Circuit held that Social Security claimants and the Commissioner are barred from re-litigating issues that have previously been determined at the administrative level. *Drummond*, 126 F.3d at 842. *Drummond* mandates that, absent evidence that a claimant's condition has improved, findings issued by an ALJ as part of a prior disability determination are binding on an ALJ in a subsequent proceeding. *Id.* at 841.

Here, Plaintiff was previously approved for SSI benefits and received such benefits until his incarceration in 2008,[3] which lasted until February 2010. PageID 59, 89. Plaintiff claims that because "there has never been a determination following the approval that he was no longer mentally disabled" or that his condition had improved, the doctrine of *res judicata* requires a disability finding. Doc. 7 at PageID 634.

The undersigned finds *res judicata* inapplicable to the circumstances presented here. Notably, Plaintiff fails to bring to the Court's attention his February 2010 application for SSI benefits, which was denied at the agency level in December 2010. PageID 59, 112. Plaintiff did not appeal that decision, thereby making the December 2010 non-disability determination final. *Id.*; 20 C.F.R. § 416.1405 ("[a]n initial determination is binding unless you request a reconsideration within the stated time period, or we revise the initial determination"). Therefore, even though Plaintiff was found disabled prior to 2008, he was subsequently found not disabled in an agency proceeding in 2010. Insofar as Plaintiff had a *res judicata* argument regarding his pre-incarceration approval for SSI benefits, it should have been raised in conjunction with his

---

[3] Under the Social Security statutory and regulatory scheme, Plaintiff was ineligible to receive Social Security benefits during his incarceration. *See* 42 U.S.C. § 1382(e)(1)(A) (excluding from eligibility for SSI an inmate of a public institution); 20 C.F.R. § 416.211 (same); *see also Schweiker v. Wilson*, 450 U.S. 221, 224 (1981).

2010 application.  Whether or not such an argument was raised at that time, it is now moot in light of the December 2010 non-disability finding, rendered final by Plaintiff's failure to appeal.

Accordingly, in light of the intervening non-disability determination in December 2010, the undersigned finds the ALJ did not err in declining to apply *Drummond* to Plaintiff's previous approval for SSI benefits.  *See Messer v. Astrue*, No. 09-342-DLB, 2010 WL 4791956, at *4-5 (E.D. Ky. Nov. 18, 2010).[4]

## B.    Listing § 12.05

Plaintiff next argues that the ALJ erred at Step Three of the sequential benefits analysis in concluding that his impairments do not meet or medically equal Listing § 12.05(C).  Doc. 7 at PageID 630-33.

The Listing of Impairments "describes impairments the SSA considers to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 653 (6th Cir. 2009) (internal quotations omitted).   "Because satisfying the [L]istings yields an automatic determination of disability . . . the evidentiary standards [at Step Three] . . . are more strenuous than for claims that proceed through the entire five-step evaluation."  *Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 539 (6th Cir. 2014).  Plaintiff has the burden of proving that he or she

---

[4] Arguably, *Drummond* would instruct that ALJ Gaughen was bound by the 2010 non-disability determination in the absence of charged circumstances.  *Cf. Miller v. Astrue*, No. 3:11-cv-133, 2012 WL 220234, at *3 (S.D. Ohio Jan 25, 2012) *Report and Recommendation adopted*, 2012 WL 4504545 (S.D. Ohio Sept. 28, 2012) (holding that *res judicata* applies to initial determinations of disability made at the administrative level); *but see Johnson v. Comm'r of Soc. Sec.*, No. 13-cv-14797, 2015 WL 730094, at *39 n.2 (E.D. Mich. Feb. 19, 2015).  Here, ALJ Gaughen conducted a *de novo* review of Plaintiff's application without specifically applying *res judicata* to the 2010 non-disability determination.  PageID 59-70.  The Commissioner does not argue that his failure to do so was in error.  *See* doc. 9.  Thus, Plaintiff received the benefit of a *de novo* determination of his disability status through utilization of the five-step sequential benefits analysis.  PageID 61-70.

meets or equals all of the criteria of a listed impairment.  *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987).

>    Listing § 12.05 provides in relevant part:
>
>    12.05  Intellectual disability: Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.  The required level of severity for this disorder is met when the requirements of A, B, C, or D are satisfied.
>    . . .
>
>    (C)  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or mental impairment imposing an additional and significant work-related limitation of function[.]

20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05.  In other words, for a claimant to meet Listing § 12.05, he or she must meet the criteria under subsection A, B, C, or D, as well as "satisfy the diagnostic description" in the introductory paragraph, *i.e.*, "(1) subaverage intellectual functioning; (2) onset before age twenty-two; and (3) adaptive-skills limitations." *Hayes v. Comm'r of Soc. Sec.*, 357 F. App'x 672, 675 (6th Cir. 2009) (internal citations omitted).

"The adaptive skills prong evaluates a claimant's effectiveness in areas such as social skills, communication skills, and daily-living skills."  *Id.* at 677 (internal citation omitted). Although Listing § 12.05 does not define "adaptive functioning," another portion of the Listings defines "adaptive activities" as "cleaning, shopping, cooking, taking public transportation, paying bills, maintaining a residence, caring appropriately for your grooming and hygiene, using telephones and directories, and using a post office."  20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C)(1).  The plain language of the Listing does not identify how severe limitations must be to qualify as "deficits in adaptive functioning."  *Pendleton v. Comm'r of Soc. Sec.*, No. 1:10-cv-650, 2011 WL 7070519, at *11 (S.D. Ohio Dec. 23, 2011).  Nevertheless, case law from the

Sixth Circuit and other federal courts suggests that a claimant must have significant deficits to satisfy the Listing. *See Farnsworth v. Comm'r of Soc. Sec.*, No. 2:13-cv-923, 2015 WL 1476458, at *9 (S.D. Ohio Mar. 31, 2015) (collecting cases).

Here, with regard to Listing § 12.05(C), the ALJ found that Plaintiff's "cognitive deficits [do not] establish 'significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested' before age 22." PageID 65. Substantial evidence supports the ALJ's Listing analysis. Although Plaintiff arguably satisfied the criteria under subsection (C) -- with a Full Scale Intelligence Quotient ("IQ") of 67, PageID 332, and mental health impairments that the ALJ found to be "severe" at Step Two, PageID 61 -- the ALJ reasonably concluded that Plaintiff did not meet the "deficits in adaptive functioning" prong in the introductory paragraph of Listing § 12.05. PageID 65.

First, the ALJ specifically found that Plaintiff was not credible. PageID 67. The ALJ discussed several issues which detract from Plaintiff's credibility regarding his functional abilities. *See* PageID 64. For example, the ALJ noted that, during a 2002 consultative exam, Plaintiff denied being able to read, yet was able to independently fill out paperwork during the interview. PageID 64, 338, 340. The ALJ also noted the discrepancy between Plaintiff's testimony -- that he does no chores -- with statements in the record to the contrary. PageID 67, 91, 315 (wherein Plaintiff reported that he did laundry, cleaned, prepared meals, read, performed odd jobs, and went to the store), 338 (wherein Plaintiff stated that he took public transportation, prepared meals, washed dishes, cleaned, and grocery-shopped). Notably, Plaintiff does not challenge the ALJ's credibility determination. *See* doc. 7; *see also Robinson v. Comm'r of Soc. Sec.*, No. 2:13-cv-530, 2014 WL 3419309, at *9 (S.D. Ohio July 10, 2014).

Second, consultative examiner Giovanni M. Bonds, Ph.D.'s November 2010 report is substantial evidence supporting the ALJ's conclusion.[5]  PageID 64, 311-17.  Dr. Bonds diagnosed Plaintiff with Borderline Intellectual Functioning ("BIF"), as opposed to Mild Mental Retardation; determined that Plaintiff "has sufficient information, judgment, and reasoning abilities to be able to live independently, [and] make important decisions about his future[,]"; and found Plaintiff at most "moderately"[6] impaired with regard to work-related mental abilities.[7]  PageID 314, 316-17.  Accordingly, although there is other evidence upon which the ALJ could have relied to find that Plaintiff met or equaled Listing § 12.05(C) -- including consultative examiner Mary Ann Jones Ph.D.'s 2011 report, PageID 328-35 -- substantial evidence supports the ALJ's ultimate conclusion at Step Three.  *See Peterson,* 552 F. App'x at 539; *see also Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) ("[e]ven if there is substantial evidence in the record that would have supported an opposite conclusion[,]" the Court must give deference to the ALJ's decision if it is supported by substantial evidence).

## IV.

For the foregoing reasons, the Court finds no merit to Plaintiff's two assignments of error, and further finds the ALJ's non-disability determination supported by substantial evidence.

---

[5] In addition to Dr. Bonds's report, opinions from record-reviewing psychologists Todd Finnerty, Psy.D. and Karen Steiger, Ph.D. -- provided in July 2011 and February 2012, respectively -- also support the ALJ's Listing analysis.  PageID 117-22, 131-36.  Drs. Steiger and Finnerty both specifically opined that Plaintiff does not meet Listing § 12.05.  PageID 120, 134.

[6] "Moderate" functional limitations are "non-disabling," *see Sims v. Comm'r of Soc. Sec.,* 406 F. App'x 977, 980 (6th Cir. 2011), whereas "marked" and "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C), *et seq.*

[7] The four work-related mental abilities include the ability to: relate to peers, supervisors, or the public; understand, remember, and follow directions; maintain attention, concentration, persistence, and pace to perform simple repetitive tasks; and withstand the stress and pressure associated with day to day work activities.  PageID 316-17.

**IT IS THEREFORE RECOMMENDED THAT:**

1.      The Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and

2.      This case be **CLOSED** on the Court's docket.


Date: <u>February 10, 2016</u>            <u>*s/ Michael J. Newman*</u>
                                        Michael J. Newman
                                        United States Magistrate Judge

11

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).